# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**
**D.O.C. # U-02521,**

    **Plaintiff,**

vs.                                                                    Case No. 4:17cv306-RH/CAS

**RODERICK ROBINSON, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    This civil rights case was initiated by Randall Lamont Rolle on June 29, 2017. Mr. Rolle is currently incarcerated at the Northwest Florida Reception Center. Mr. Rolle did not pay the filing fee for this case nor did he file a motion for leave to proceed in forma pauperis. Regardless of the fact that Mr. Rolle did not file an in forma pauperis motion, this Report and Recommendation is entered because it would be pointless to issue an Order directing him to file such a motion to proceed with this case.

    Mr. Rolle has filed over thirty civil rights cases in this Court, the vast majority of which were filed as a prisoner. More than three of Mr. Rolle's

cases were dismissed for reasons listed in 28 U.S.C. § 1915(e)(2). For example, Mr. Rolle's dismissed cases include cases numbered 4:06cv373-MP/WCS, 4:06cv406-MP/WCS, and 4:06cv373-MP/WCS. Case number 4:06cv373 was dismissed on December 22, 2006, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Case number 4:06cv406 was also dismissed on December 22, 2006, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Likewise, case number 4:06cv373 was dismissed on December 22, 2006, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, Mr. Rolle previously sought to file case number 4:08cv453-RH/CAS in this Court. That case was dismissed on December 9, 2008, because Mr. Rolle was not entitled to proceed with in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and his complaint did not allege that he was in imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g).

Although it has been several years since Mr. Rolle was incarcerated, now that he is again in prison, § 1915(g) is again applicable to new cases he seeks to file. Mr. Rolle should be aware of the requirement that he must demonstrate the § 1915(g) exception, that he is under "imminent danger of serious physical injury," in order to proceed without full prepayment of this

Court's filing fee.  28 U.S.C. § 1915(g).[1]  The instant complaint does not make that showing.  Plaintiff has listed persons as Defendants who are not physically located with him; thus, he is not in imminent danger.

Because Mr. Rolle has more than "three strikes" and his complaint does not allege facts showing that he is in imminent danger, he is not entitled to proceed with this case because he did not simultaneously pay the full $400.00 filing fee at the time of case initiation.  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  Accordingly, this case should be summarily dismissed.

## RECOMMENDATION

It is **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Mr. Randall Rolle has more than "three strikes" under § 1915(g) and the instant complaint, ECF No. 1, does not demonstrate that he is in imminent danger of serious physical injury.  It is further **RECOMMENDED** that the Order adopting this Report and

---

[1] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Recommendation direct the Clerk of Court to note on the docket this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 14, 2017.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.